BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:14−CV−01512−TLN−AC |
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| 2012 HARLEY DAVIDSON FLTRX ROAD GLIDE MOTORCYCLE,  VIN: 1HD1KGM3XCB636315, CALIFORNIA LICENSE NUMBER: 20X8247, | |
| 2005 HARLEY DAVIDSON STREET GLIDE MOTORCYCLE,  VIN: 1HD1FVW375Y618635, CALIFORNIA LICENSE NUMBER: 19V7740, | DATE:        N/A<br>TIME:         N/A<br>COURTROOM:    N/A |
| 2007 HARLEY DAVIDSON FLTR ROAD GLIDE MOTORCYCLE,  VIN: 1HD1FS4397Y630807, CALIFORNIA LICENSE NUMBER: WISGUY5,  and | |
| 2010 CHEVROLET CAMARO SS, VIN: 2G1FT1EW3A9148874, CALIFORNIA LICENSE NUMBER: 6TZD882, | |
| Defendants. | |

The United States and Claimant Kevin Lamar Hunt ("claimant") hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further

proceedings until the resolution of the related criminal case against claimant regarding drug trafficking.

    1.    Claimant has filed a claim in this *in rem* forfeiture action, asserting he is the lawful owner of the defendant assets. ECF No. 8.

    2.    The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant assets were money furnished and intended to be furnished in exchange for a controlled substance or listed chemical, constituted proceeds traceable to such an exchange, and was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841. Claimant denies these allegations.

    3.    Claimant Kevin Lamar Hunt has been charged with federal crimes related to drug trafficking related to the defendant assets, <u>United States. v. Kevin Lamar Hunt, 2:14-CR-00126-TLN</u>. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant assets. Nevertheless, the United States intends to depose the claimant regarding their ownership of the defendant assets, as well as his knowledge of the cocaine trafficking. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue his claim to the defendant assets, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this court.

    4.    In addition, the claimant intends to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration. Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution.

    5.    The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be

///

///

stayed until the conclusion of the related criminal case. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: 7/11/2014    BENJAMIN B. WAGNER
United States Attorney

By:   /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 7/11/2014    /s/ Patrick K. Hanly
PATRICK K. HANLY
Attorney for Claimant Kevin Lamar Hunt

(As authorized via phone)

## ORDER

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i) until the conclusion of the related criminal case, at which time the parties will advise the Court whether a further stay is necessary.

IT IS SO ORDERED

Dated: July 14, 2014

Troy L. Nunley
United States District Judge